FILED
CLERK, U.S. DISTRICT COURT
AUG -8 2013
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AJJA INVESTMENTS, LLC,<br><br>            Plaintiff,<br><br>   vs.<br><br>JORNE LIZANA; DOES 1-10,<br><br>            Defendants. | CASE NO. CV 13-5273 UA (DUTYx)<br><br>ORDER SUMMARILY REMANDING<br>IMPROPERLY-REMOVED ACTION |

      The Court will remand this unlawful detainer action to state court because it was removed improperly.

      One Lizabeth Brenna, stating that she is a (presumably DOE) defendant in what appears to be a routine unlawful detainer action in California state court, has lodged a Notice Of Removal of that action to this Court and also presented an application to proceed *in forma pauperis*. (This is the second instance in which Ms. Brenna has filed a notice of removal of an action by Plaintiff AJJA even though she is not a named defendant in the removed action. The prior instance occurred in case no. CV 13-5212, *AJJA Investments, LLC v. Peavy*.) The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Simply stated, Plaintiff AJJA Investments, LLC – incorrectly named in the removal notice as "AJAJ" – could not have brought this action in federal court in the first place, in that neither diversity jurisdiction nor federal-question jurisdiction exists, and therefore Defendant is not allowed to remove the action. 28 U.S.C. § 1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). Defendant does not assert diversity jurisdiction. (Nor could she successfully do so. Even if complete diversity of citizenship existed and if Defendant had relied upon such jurisdiction, the amount in controversy in the removed action does not exceed the jurisdictional threshold of $75,000. On the contrary, Plaintiff's unlawful-detainer complaint bears a caption indicating that the amount in controversy does not exceed $10,000. Also, because Defendant resides in the forum state, Defendant cannot properly remove the action, at least to the extent diversity jurisdiction is asserted. 28 U.S.C. § 1441(b).)

Nor does Plaintiff's unlawful detainer action raise any federal legal question. In any event, *Defendant's* contentions based on federal law are not relevant to removability. "For better or for worse . . . a defendant may not remove a case to federal court" based on a federal question "unless the *plaintiff's complaint* establishes that the case 'arises under' federal law." *Franchise Tax Bd. v. Construction Laborers Etc.*, 463 U.S. 1, 10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (emphasis in original).

Instead, Defendant asserts a third basis for removal, namely "civil rights removal" pursuant to 28 U.S.C. § 1443(1). That statute states as follows, in pertinent part:

> Any of the following civil actions . . . , commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights

of citizens of the United States, or of all persons within the jurisdiction thereof . . . .

To support removal under § 1443(1), the notice of removal must satisfy a two-part test. "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit [federal] statutory enactment protecting equal racial civil rights." *Patel v. Del Taco*, 446 F.3d 996, 999 (9th Cir.2006) (quoting *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir.1970)). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Patel*, 446 F.3d at 999 (quoting *Sandoval*, 434 F.2d at 636).

Defendant identifies neither any "explicit [federal] statutory enactment protecting equal racial civil rights" nor any state statute or constitutional provision that "purports to command the [California] courts to ignore the federal rights." She complains that the state trial court made numerous errors, *see* Ntc. at 4, and makes oblique references to the need for "true color-blind application and enforcement of federal civil rights law[.]" *Id.* But her allegations fail to satisfy the criteria for a valid civil rights removal. Federal courts in California have routinely rejected recent attempts at "civil rights removals" of unlawful detainer actions. *See, e.g., Investment Mgmt. Co. LLC v. Cholakian*, No. CV 13-2408 MMM JCx, 2013 WL 2417952 (C.D. Cal May 31, 2013), at *4-*5; *Wells Fargo Bank NA v. Vann*, No. CV 13-1146 YGR, 2013 WL 1856711 (N.D. Cal. May 2, 2013), at *3-*4; *Federal Nat'l Mtg. Ass'n v. Perez*, No. CV 13-1082 MMM SHx, 2013 WL 1010535 (C.D. Cal. Mar. 14, 2013); *Canterbury Lots 68, LLC v. De La Torre*, No. CV 13-0712 MMM RZx, 2013 WL 781974 (C.D. Cal. Feb. 28, 2013). And rightly so, for Defendant's assertion that California's courts are comparable, in terms of statute-supported racism, to those of the "Jim Crow" south in generations past, *see* Ntc. at 5, is frivolous. This improperly-removed action merits the same fate as the foregoing cases, namely remand.

Finally, even if removal were substantively proper, this particular removal *notice* is invalid because the sole named defendant did not sign it, with no explanation for the non-joinder. 28 U.S.C. § 1446(b)(2)(A); *see Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986).

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, Los Angeles County, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: 8/5/13

GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE